UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00587-JPH-MKK |
| | ) |
| COMMISSIONER OF INTERNAL | ) |
| REVENUE SERVICES, | ) |
| U.S. DEPARTMENT OF TREASURY | ) |
| Secretary, | ) |
| U.S. BANK OF AMERICA, | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Christopher Johnson is a federal prisoner currently incarcerated at FCI Hazelton. He filed this civil action alleging he was deprived of economic stimulus payments and tax refunds. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I.
Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
## The Complaint

Mr. Johnson brought this suit against 1) the Commissioner of the Internal Revenue Service, 2) the U.S. Department of Treasury Secretary, 3) Bank of America, and 4) the State of Indiana. He alleges he has been deprived of economic stimulus payments and tax refunds.

## III.
## Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be **DISMISSED** for failure to state a claim upon which relief may be granted.

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly,* 550 U.S. at 555

and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008)).

Mr. Johnson has failed to meet this burden. The complaint merely states that "I payed my tax's as a U.S. citzen" and that Mr. Johnson was deprived of stimulus funds and a tax refund. Dkt. 1 at 3 (errors in original). However, he states no facts indicating that he is entitled to either a stimulus payment or a tax refund. Legal conclusions such as this are not enough and must be supported by factual allegations; "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679 (citation omitted). Further, when pleadings "are no more than conclusions, [they] are not entitled to the assumption of truth." *Id.*

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV.
## Opportunity to Show Cause

Mr. Johnson's complaint must be dismissed for the reason set forth above. He shall have **through December 20, 2024,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis,* 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 11/21/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTOPHER M. JOHNSON
07894-033
FCI HAZELTON
Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 5000
BRUCETON MILLS, WV 26525